# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50836
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMIR GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1690-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Samir Garcia pleaded guilty to unlawfully reentering the United States in violation of 8 U.S.C. § 1326(a), (b)(2). Garcia was subject to an advisory guidelines imprisonment range of 46 to 57 months. The district court's guidelines calculation rested in part on a 16-level increase in Garcia's offense level, which increase was predicated on his 2012 conviction for aggravated battery. The district court sentenced Garcia within the applicable guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range to 57 months of imprisonment and a three-year term of supervised release.  Garcia filed a timely notice of appeal.

On appeal, Garcia maintains that his sentence is unreasonable, contending that it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) in light of the mitigating factors presented by his case.  More specifically, he asserts that his sentence failed to reflect that his family faced severe hardship in Honduras, that he returned to the United States to support his family, that he earned a 16-level increase for a conviction that also increased his criminal history score, that his offense is non-violent in nature, that this is his first conviction for illegal reentry, and that the 57-month sentence imposed is three times longer than his longest previous sentence.  He also asserts that the district court placed too much emphasis on his prior convictions in selecting a sentence.

We review the substantive reasonableness of a sentence by examining the totality of the circumstances under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  Although Garcia raises the issue to preserve it for further review, he concedes that his within-guidelines sentence enjoys a presumption of substantive reasonableness.  *United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013), *petition for cert. filed* (Mar. 19, 2014) (No. 13-1152).  That "presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir.2009).  Garcia has not made this showing.

The record reflects that the district court conducted an individualized assessment of an appropriate sentence based on the facts presented, as it was

No. 13-50836

required to do under *Gall*, 552 U.S. at 50, and decided that a 57-month sentence was appropriate.  That Garcia or this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.  Considering the totality of the circumstances presented in this case in light of the § 3553(a) factors, we perceive no abuse of discretion in the district court's conclusion that a top-of-the-guidelines sentence was appropriate here.  *See id.*; *Mondragon-Santiago*, 564 F.3d at 360.  Accordingly, we conclude that Garcia's sentence is substantively reasonable, and we affirm the judgment of the district court.

AFFIRMED.